UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JESUSA H. ALVARADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-242-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jesusa H. Alvarado seeks judicial review of an adverse decision of the Commissioner of Social Security, denying her applications for Disability Insurance Benefits and Social Security Income. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge. Alvarado did not consent to the jurisdiction of the Magistrate Judge. The undersigned now files this Report and Recommendation.

## I.    Statement of the Case

Alvarado applied for benefits on June 18, 2007, claiming that she was disabled and had been unable to work beginning on July 15, 2006. (Tr. 76-78, 80-82.) At a hearing before the Administrative Law Judge ("ALJ") she testified that she suffered from chronic pain in her lower back, legs, knees, the right side of her body, and "generally all over [her] body." (*Id*. at 26-29.) She also claimed she suffered from hypertension and depression. (*Id*. at 28, 31, 96.) She claimed she quit work as a prison guard at the Texas Department of Criminal Justice because she had missed too much work due to chronic pain. (*Id*. at 26-27, 33.) She testified that she "managed" to work

before quitting because she had insurance and her physician treated her pain with cortisone injections, epidural injections, and pain medication.  (*Id*. at 35.)

The ALJ determined that Alvarado suffered from severe impairments including degenerative disc disease in her lumbar spine and right knee and that she experienced right shoulder pain but, despite her impairments, she was capable of performing sedentary work with a sit/stand option. (*Id*. at 20-21.)   Alvarado sought review from the Appeals Council but her request was denied. (*Id*. at 1-4).   The ALJ's decision is therefore the Commissioner's final decision and subject to judicial review.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).  The issue is whether the Commissioner's final decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

**II.**   **Discussion**

A.    *Alvarado's Arguments*

Alvarado argues that the ALJ's decision should be reversed claiming that the ALJ failed to give specific reasons for discrediting her testimony, failed to fully develop the record, and failed to consider the combination of her impairments.

B.    *The ALJ's Credibility Determination*

Once the existence of a medically determinable physical or mental impairment is reasonably established, the ALJ must provide specific findings and reasons concerning the credibility of the claimant's statements about his or her symptoms.  20 C.F.R. §§ 404.1529, 416.929 (2009). The ALJ's credibility evaluation must be set forth with sufficient specificity, but it need not follow formalistic rules.  *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994).  Although the

record demonstrates that Alvarado suffered from impairments that could cause pain, the ALJ concluded that the medical evidence did not support Alvarado's claims that her pain would preclude all work activity. (Tr. 19.)  Contrary to Alvarado's contentions, the ALJ gave specific reasons for not crediting to the fullest extent her claims regarding pain.  First, the ALJ noted that diagnostic testing showed only mild degenerative changes in her lumbar spine. (*Id*. at 19.)  The ALJ's finding is supported by substantial evidence: a scan of Alvarado's lumbar spine showed that her spine was stable and that she suffered from only mild degenerative changes, mild degenerative disc disease, and narrowing at the L-3 and L4-5 level. (*Id*. at 205.)  Second, the ALJ noted that Alvarado continued to work for many years despite a history of chronic back pain and various other complaints of pain. (*Id*. at 19.)  This finding is also supported by substantial evidence. There are multiple examination records from as early as 2004 and up to the time Alvarado quit working documenting her complaints of depression and her complaints of pain in her back, legs, and shoulder. (*Id*. at 194-201, 206-08.)  As the ALJ noted, Alvarado worked despite her pain until July 2006. (*Id*. at 35.)  The fact that Alvarado worked for years despite impairments, which she now claims are disabling, is a relevant consideration and supports the ALJ's findings. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citing *Fraga v. Bowen,* 810 F.2d 1296, 1305 & n.11 (5th Cir.1987) (finding that ability to work despite pre-existing condition supported ALJ's finding of not disabled)); *see also Johnson v. Bowen*, 864 F.2d 340, 347-48 (5th Cir. 1988) (same).  Finally, though not cited by the ALJ in the portion of the decision in which he discusses credibility, Alvarado testified that she was able to manage her pain with treatment and medication. (Tr. 35.)  To be disabling, pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Falco*, 27 F.3d at 163).

Alvarado's testimony establishes that she was able to control her pain with medication to an extent that enabled her to work.

The mere existence of pain does not establish disability. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1995) (citation omitted). It is the responsibility of the ALJ and within his discretion to determine whether pain is disabling. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). The ALJ's decision in this regard is entitled to considerable judicial deference if supported by substantial evidence. *Chambliss*, 269 F.3d at 522. In this case, the ALJ's conclusion that Alvarado's pain was not disabling is supported by substantial evidence; the District Court should therefore defer to his conclusion.

C.    *The ALJ's Development of the Record*

Alvarado claims the last medical record in the transcript is dated in March 2007. She claims the Commissioner did not attempt to obtain  medical records that might have been generated after this date when she filed her request for reconsideration in October 2007 or when she requested a hearing in February 2008. Alvarado points out that she was not represented at the hearing, that she informed the ALJ at the hearing that she was still under the care of David Laurentz, M.D., and that the ALJ wrongly concluded that there was no record of medical treatment after March 2007. She claims the ALJ should have attempted to obtain additional records from Dr. Laurentz. She also claims she provided the Appeals Council with dates of additional treatment she underwent and that the Appeals Council did not attempt to obtain the records and therefore failed to fully and fairly develop the record.

Established Fifth Circuit precedent obligates the Commissioner to develop the record fully and fairly to ensure that the decision regarding a claim for benefits is an informed decision

based upon sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). This obligation is heightened in a case in which the claimant is not represented by counsel and, in such a case, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."[1] *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). On the other hand, the Fifth Circuit Court of Appeals has repeatedly instructed that remand should not issue for an ALJ's failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure to do so. *Brock*, 84 F.3d at 728. "Prejudice can be established by showing . . . that the additional evidence might have led to a different decision." *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000). Alvarado has not made such a showing. Alvarado has not argued that any medical records generated after March 2007 contained evidence that was relevant to her application and would have changed the ALJ's decision. For example, Alvarado might have argued that her condition deteriorated after March 2007 and that medical records after that date would have demonstrated such, or she might have argued that records generated after March 2007 included diagnostic testing that might have changed the ALJ's decision. She has not set forth any such argument, nor has she presented any additional records to the court for review. Remand is therefore not warranted on this point. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (holding that the court will not reverse the Commissioner's decision in the absence of a showing of prejudice on the claimant's part).

    D.    *The ALJ's Review of the Record*

        The ALJ must consider the combination of the claimant's impairments. *See Loza v.*

---

[1] It should be noted that Alvarado has not argued that she was not informed of her right to obtain counsel before the hearing or that the ALJ conducted the hearing in a biased or prejudicial manner. She argues only that the ALJ did not attempt to obtain additional medical records.

*Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (stating that if the ALJ finds a combination of severe impairments, he must consider the combined impact of the impairments throughout the disability determination process).   Alvarado claims the ALJ failed to consider the combination of her impairments arguing that he did not indicate that he did so and merely discussed the medical evidence in detail.   In connection with this argument she contends that the ALJ's residual functional capacity determination is flawed because he failed to properly consider evidence related to her pain. She also contends that the ALJ failed to consider the combination of her depression and its limiting effects along with her physical limitations.

Alvarado's claim that the ALJ failed to properly consider evidence related to her pain is without merit.   As discussed above, the ALJ considered Alvarado's complaints of pain and provided reasons for not crediting her complaints of pain to the fullest extent.   Alvarado's claim that the ALJ failed to consider the limiting effects of her depression is likewise without merit.   The ALJ considered evidence related to the diagnosis and treatment of Alvarado's depression and determined that her depression was not a severe impairment.   (Tr. 18.)   The ALJ also considered evidence regarding the limiting effects of Alvarado's depression.   He noted, for example, Alvarado's report that medication was effective in controlling her depression.   (*Id.*; *see id*. at 31, 236.)   He noted a psychologist's examination notes that Alvarado was able to care for her own personal needs, prepare basic recipes, shop for herself, and complete household chores with the exception of sweeping and lifting heavy objects.   (*Id*. at 18; *see id*. at 236.)   He further noted that Alvarado reported no problems with interacting or communicating with others.   (*Id*. at 18; *see id*. at 237.)

The ALJ's conclusions regarding Alvarado's depression are supported by substantial evidence.   Alvarado testified that she became depressed in 2004, took Prozac for years until it

6

became ineffective on her depression, and was taking Cymbalta at the time of the hearing, which helped her depression and "sustain[ed]" her. (*Id*. at 31.) On an application document Alvarado indicated that her mental and/or emotional problems did not limit what she was able to do. (*Id*. at 130.) During a psychological evaluation Alvarado reported that the quality of her interactions and communication with others was good and that she was able to complete tasks in a timely and appropriate manner over a sustained period of time. (*Id*. at 237.) Finally, the results of a mental status examination were within the normal range: Alvarado's thought processes were goal directed, sensorium and cognition were within the normal range, and thought content was coherent and logical. (*Id*.)

The ALJ's determination regarding Alvarado's residual functional capacity is also supported by substantial evidence. Residual functional capacity is the most the claimant can do in a work setting despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In this case the ALJ determined that Alvarado could perform sedentary work activity that allowed her the freedom to change positions from sitting to standing. (Tr. 21.) Sedentary work involves sitting and minimal walking and standing as necessary to carry out job duties; lifting no more than ten pounds; and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1567(a), 416.967(a). Alvarado reported that she does housework, shops for clothing and groceries, goes with her daughters to see a movie once per month, and occasionally attends church with her sister. (Tr. 32, 113-14, 128, 133.) She testified that on an average day she feeds her cats and her dog, drives to the post office, and drives to her mother's home where she visits her mother and eats lunch with her. (*Id*. at 27.) Evidence regarding the claimant's daily activities is a relevant consideration in the court's review of the Commissioner's decision. *See Leggett v. Chater*, 67 F.3d

558, 565 n.12 (5th Cir. 1995) (citing *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990)).

Substantial evidence supports the ALJ's determination that Alvarado's impairments are not disabling; Alvarado's argument that the ALJ failed to consider the combination of her impairments should therefore be rejected. *See Fraga*, 810 F.2d at 1305 (finding that substantial evidence supported the ALJ's determination that the claimant's impairments were not disabling and therefore rejecting the claimant's argument that the ALJ failed to evaluate the combination of his impairments).

## III.   <u>Recommendation</u>

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Alvarado's complaint with prejudice.

## IV.   <u>Right to Object</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:        July 1, 2010.

NANCY M. KOENIG
United States Magistrate Judge